```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION
```

FRANK NEAL,                       )
                                  )
        Plaintiff                 )
                                  )       No. 3:14-0216
v.                                )       Judge Campbell/Bryant
                                  )       **Jury Demand**
WHITE CASTLE SYSTEM, INC.,        )
                                  )
        Defendant                 )

**TO:    THE HONORABLE TODD J. CAMPBELL**

### REPORT AND RECOMMENDATION

Defendant White Castle System, Inc. ("White Castle") has filed its motion for summary judgment (Docket Entry No. 48). Plaintiff Neal, who is now proceeding *pro se*, has not responded in opposition, and the time within which he was obligated to do so has expired.

For the reasons stated below, the undersigned Magistrate Judge recommends that White Castle's motion for summary judgment be granted and the complaint dismissed.

### STATEMENT OF THE CASE

In his amended complaint, Plaintiff Neal alleges that he was wrongfully terminated from his employment as a crew leader at the White Castle Store No. 13 in Lebanon, Tennessee, because of his race (African American), his age (47), and in retaliation for Neal's having complained earlier about discrimination on the basis of race. Neal asserts causes of action in violation of Title VII, the Tennessee Human Rights Act ("THRA"), and the Age Discrimination in

Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*. (Docket Entry No. 33).

Defendant filed an answer denying liability and asserting affirmative defenses (Docket Entry No. 35).

White Castle has now filed its motion for summary judgment.

**STANDARD OF REVIEW**

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Covington v. Knox County School Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine

2

issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**SUMMARY OF UNDISPUTED FACTS**

From the record it appears that the following facts are undisputed.

Plaintiff Frank Neal was hired by Defendant White Castle System, Inc. in December 2005. Neal worked at the White Castle Store No. 13 in Lebanon, Tennessee, during the entire period of his employment with White Castle. At all pertinent times, Neal was a crew leader at this White Castle store.

Neal is an African-American, his date of birth is May 20, 1967, and he was 45 years of age on the date of his termination at White Castle.

Michelle Shoemake was the General Manager of White Castle No. 13 from May 23, 2010 to January 5, 2014.

On March 29, 2012, Neal called the White Castle hotline to complain of race discrimination. Specifically, he complained

that Shoemake did not hire African-American applicants. In early April 2012, Shoemake and District Supervisor Francis Nation met with Neal to discuss his hotline complaint. After his call of March 29, 2012, Neal made no further calls to White Castle's hotline and made no comments or complaints about race discrimination or harassment to Shoemake.

On March 23, 2013, Neal permitted a store employee under his supervision to turn out the lights in the store several minutes before the 11:00 p.m. published closing time. Between 10:45 p.m. and 10:55 p.m. Neal ignored two customers who sought to place an order at the drive-through window. When the second customer obtained Neal's attention at the drive-through window and protested Neal's refusal to fill the customer's order, a verbal altercation arose. This encounter ended when the customer drove away. As the customer departed, Neal cursed the customer by shouting, "Fuck you" from the drive-through window. These events were recorded on the store's closed-circuit surveillance cameras.

This customer returned to the White Castle store on April 5, 2013, and complained about Neal's refusal to serve her and his cursing at her. Shoemake then reviewed the video and audio from the store's camera system for March 23, which revealed the incidents referenced above. Shoemake suspended Neal from work until further notice.

After conferring with her supervisors, Shoemake summoned Neal back on April 13, 2013, and terminated his employment for

4

closing the store early, for turning away two customers who sought service before the published closing time, and for using obscene language toward a customer.

Neal has produced no evidence that any other White Castle employee, of any race or age, has refused to serve two customers during published business hours or cursed at a customer. Moreover, pursuant to published White Castle policy, the use of obscene language and other discourtesies toward a customer can be grounds for termination. Neal has admitted that he had been informed of this policy before the events in question.

## ANALYSIS

Title VII prohibits employment discrimination based upon the employee's race. 42 U.S.C. § 2000e-2(a)(1). Neal claims that he was terminated because of his race in violation of Title VII and the Tennessee Human Rights Act ("THRA").[1]

Neal has offered no direct evidence of discrimination. Employment discrimination cases based upon circumstantial evidence are analyzed under the three-step framework announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The employee must first demonstrate a *prima facie* case of race discrimination; the burden then shifts to the employer to offer a legitimate, nondiscriminatory reason for its actions; finally, the burden shifts back to the employee to show that the employer's professed reason is a pretext

---

[1]Claims under the THRA are analyzed under the same framework as those based upon Title VII. *Howington v. Quality Restaurant Concepts, LLC,* 298 Fed. Appx. 436 n.1 (6th Cir. 2008).

5

for discrimination. *Chattman v. Toho Tenax America, Inc.*, 686 F.3d 339, 347 (6th Cir. 2012).

In order to demonstrate a *prima facie* case of discrimination under Title VII, Neal must establish (1) that he is a member of a protected class; (2) that he suffered an adverse employment action; (3) that he was qualified for the position; and (4) that a similarly situated employee outside the protected class was treated more favorably than he was. *Dodd v. Donahoe*, 715 F.3d 151, 156 (6th Cir. 2013). From the record in this case, the undersigned Magistrate Judge finds that Neal can satisfy only three of these elements. First, he is a member of a protected class as an African-American. He also suffered an adverse employment action as evidenced by his termination. Third, he was qualified for the position, having satisfactorily completed his job as a crew leader on a multitude of prior occasions. However, Neal has failed to show that any other White Castle employee who closed a store early, turned away two customers who sought service before the published closing time, and cursed at a customer has not been terminated from employment.

Moreover, even if Neal could make out a *prima facie* case of discrimination, the undersigned finds that his claims fail because he cannot prove that White Castle's professed reason for terminating his employment was in fact a pretext for discrimination. To make such a showing, Neal must demonstrate (1) that the proffered reason had no basis in fact, (2) that the proffered reason did not

actually motivate the adverse employment action, or (3) that the reasons were insufficient to motivate the adverse employment action. *Davis v. Cintas Corp.*, 717 F.3d 476, 491 (6th Cir. 2013). Given Neal's admission that the events depicted on the store's video and audio surveillance system actually occurred, and Neal's admission that he knew that published employer policy made using obscenity toward a customer a termination offense, the undersigned Magistrate Judge finds that no reasonable finder of fact could conclude that White Castle's stated reason for terminating Neal was pretextual.

Neal also asserts an age discrimination claim. An employee bringing a disparate-treatment claim of age discrimination must prove by a preponderance of the evidence that age was the "but-for" cause of the challenged adverse employment action. *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167 (2009). Here, Neal has offered no evidence that his age was a motivating factor of the termination of his employment.

Finally, Neal claims that White Castle retaliated against him for his March 29, 2012, telephone hotline complaint of racial discrimination. To establish a *prima facie* case of retaliation under Title VII, an employee must show (1) that he engaged in activity protected by Title VII; (2) that his exercise of such protected activity was known by the defendant employer; (3) that the employer thereafter took an action that was materially adverse to the employee; and (4) that a causal connection existed between the protected activity and the materially adverse action. Title VII

7

retaliation claims must be proved to a "but-for" causation standard, which requires a showing that the alleged retaliation would not have occurred in the absence of wrongful action by the employer. *Laster v. City of Kalamazoo*, 746 F.3d 714, 730-31 (6th Cir. 2014).

If the plaintiff employee establishes a *prima facie* case of retaliation, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the employment action. If the employer does so, the burden shifts back to the plaintiff employee to offer competent evidence of pretext. *Chattman*, 686 F.3d at 349.

From the evidence in this record, the undersigned Magistrate Judge finds that Neal has offered evidence supporting prongs (1), (2) and (3) of a *prima facie* case of retaliation, but that he has failed to offer evidence that but for his exercise of rights protected by Title VII – by calling the telephone hotline on March 29, 2012, to complain of racial discrimination in hiring – he would not have been fired. As grounds for this finding the undersigned notes that Neal's call to the hotline occurred over a year before his termination, and that the admitted events of March 23, 2013, are far more likely to account for his termination.

Moreover, even if Neal could establish a *prima facie* case of Title VII retaliation, he has failed to offer evidence upon which any reasonable finder of fact could conclude that White Castle's stated reason for his termination was pretextual. From the

undisputed evidence in this record, Neal's retaliation claim fails as a matter of law.

For the reasons stated above, the undersigned Magistrate Judge finds that there is no genuine dispute as to any material fact and that Defendant White Castle is entitled to judgment as a matter of law. Therefore, the undersigned finds that Defendant's motion for summary judgment should be granted.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Defendant White Castle's motion for summary judgment be granted and the complaint dismissed.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 28th day of May, 2015.

/s/ John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge